IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ARQUEZ FOSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:25-CV-59-RAH-CWB |
| | ) |
| LINDSEY MANAGEMENT CO., | ) |
| INC., et al, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

On June 10, 2024, Plaintiff Arquez Foster filed this lawsuit after the termination of his employment from Lindsey Management Company Co., Inc. Foster claimed he was terminated because of his race in violation of Title VII. On March 19, 2025, Foster filed an amended complaint that dropped his Title VII claim and added a state law claim for breach of contract.

On September 29, 2025, the Defendants moved for summary judgment, presenting evidence that Foster's employment was at-will and that there was no contract of employment between Foster and the Defendants. (*See* doc. 42.) The motion was fully briefed.

On December 9, 2025, the Magistrate Judge recommended that the Defendants' summary judgment motion be granted. (*See* doc. 46.) In his recommendation, the Magistrate Judge concluded that Foster's employment was at-will, thereby precluding Foster's contract-based termination claim from going forward. Foster filed a timely objection.

When a party objects to a magistrate judge's recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). *See also United States v. Opie*, 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the magistrate judge's recommendation must be sufficiently specific to warrant *de novo* review. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 783–85 (11th Cir. 2006). Otherwise, a recommendation is reviewed for clear error. *Id.*

The Court has conducted an independent and de novo review of the record, including the pertinent case law, and concludes the Magistrate Judge did not err. Foster's employment was at-will. Foster admits this. Foster argues that there are three exceptions under Alabama law – whistleblower protection, anti-discrimination laws, and anti-retaliation laws. Foster confuses his burden of proof. On a breach of contract claim, he must show the existence of a contract of employment between him and the Defendants. At-will status evidences the non-existence of a contract. Whistleblower protection, anti-discrimination laws, and anti-retaliation laws are distinct sets of laws that may protect an employee from a termination in violation of those laws' protections, but Foster advances no such claims here. In fact, Foster did originally advance an anti-discrimination claim in the form of his Title VII claim, but Foster amended the claim out of this case, and elected to proceed solely on a state law contract claim. In short, the Court agrees with the Magistrate Judge that the Defendants are entitled to summary judgment.

Accordingly, upon an independent and de novo review of the record, it is **ORDERED** as follows:

1. The Recommendation (doc. 46) is **ADOPTED;**
2. Plaintiff's Objection (doc. 47) is **OVERRULED**;
3. Defendants' Motion for Summary Judgment (doc. 42) is **GRANTED**; and,
4. A separate final judgment will be entered

DONE, on this the 29th day of December 2025.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE